IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 04-00040-02-CR-W-NKL |
| ) | |
| TIMOTHY A. KATEUSZ, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

On June 14, 2005, Judge Robert E. Larsen, United States Magistrate Judge, recommended that the Court enter an Order denying Defendant Timothy A. Kateusz's ("Kateusz") Motion to Suppress Evidence. Kateusz sought to suppress his confession on the grounds that he was offered leniency in exchange for the confession, that he was intoxicated during the interview, and that the confession was procured after he had invoked his right to counsel. Judge Larson concluded that the confession was voluntary, that no leniency had been offered, and that Kateusz did not invoke his right to counsel. Neither party has objected to Judge Larsen's Report and Recommendation.

Having conducted an independent review of the record, the Court concludes that the Report and Recommendation should be adopted. Kateusz's own testimony is the only evidence suggesting that he requested an attorney during his interview, that he was intoxicated during the interview, or that he was offered leniency in exchange for a confession. For the reasons stated in the Report and Recommendation, Kateusz's

1

testimony is not credible. The record reveals that many of Kateusz's statements are inconsistent with Kateusz's prior statements and other evidence in the record. (Report and Recommendation, pp. 11-13.) For example, Kateusz told the police on June 4, 2002, that he had last consumed methamphetamine three or four nights prior to that date. (Def. Ex. 4, pp. 3; Tr. p. 113.) In contrast, Kateusz later testified that he had consumed methamphetamine on June 3 (the day of his arrest) and that he was "very intoxicated" that day. (Tr. 15-16, 44-45, 47.) In addition, Kateusz testified that Detective Ford was present during the entire June 4, 2002, interview and that Ford did 99% of the talking. (Tr. 27, 48.) In contrast, Detectives Ford, Hosack, and Durbin all testified that Ford was not present at the interview. (Tr. 83, 88, 89, 93, 104, 108.) Accordingly, the Magistrate properly determined that Kateusz's testimony was not credible.

Detectives Ford, Hosack, and Durbin testified that Kateusz was not offered leniency in exchange for his confession. (Tr. 67, 95-96, 108-109, 110-111, 117.) Detective Ford testified that Kateusz was not intoxicated at the time of his arrest, and that he appeared to understand and coherently answer questions. (Tr. 68-70.) Durbin testified that Kateusz exhibited no signs of being under the influence of methamphetamine when he was interviewed. (Tr. 107-108.) Hosack and Durbin, who were the only detectives present during the interview, also testified that Kateusz did not request an attorney. (Tr. 93-94, 95, 110.) Because there is no indication in the record that these officers' testimony is not credible, the Magistrate properly relied upon their testimony.

Accordingly, it is hereby

2

ORDERED that Judge Larsen's Report and Recommendation of June 14, 2005

[Doc. 141], is adopted. The Defendant's Motion to Suppress Evidence is DENIED.

```
                                        s/ Nanette K. Laughrey
                                        NANETTE K. LAUGHREY
                                        United States District Judge
```

Dated:  July 8, 2005
Kansas City, Missouri